IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Civil Action No.: 3:13-cv-03187-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Samuel F. Crews, III and Elizabeth W. Crews, | |
| Defendants. | |

The United States of America ("Plaintiff") filed this action to (1) reduce to judgment several federal income tax liabilities owed by Defendants Samuel F. Crews and Elizabeth W. Crews, and (2) reduce to judgment the Trust Fund Recovery Penalty individually assessed against Mr. Crews. (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers. (ECF No. 118.) The Magistrate Judge recommended 1) granting Plaintiff's Motion for Summary Judgment (ECF No. 62), 2) granting the Joint Motion for Entry of Consent Judgment (ECF No. 81), and 3) reducing the remaining unpaid federal tax liabilities and Trust Fund Recovery Penalties to judgment as follows:

- $15,960.09 against both Defendants for their joint federal income tax liability for 2011, plus statutory interest according to law from July 24, 2015;

- $8,179.22 against Mr. Crews for his individual federal income tax liability for 2004, plus interest and other statutory accruals as of July 24, 2015;

- $19,453.03 against Mr. Crews, as a Trust Fund Recovery Penalty pursuant to 26

      U.S.C. § 6672 for the tax period ending March 31, 2004, plus statutory interest according to law from July 24, 2015; and

- $21,559.49 against Mr. Crews, as a Trust Fund Recovery Penalty pursuant to 26 U.S.C. § 6672 for the tax period ending December 31, 2004, plus statutory interest according to law from July 24, 2015.

(ECF No. 118 at 13–14.)  Defendant Mr. Crews timely filed an objection to the Magistrate Judge's recommendation.  (ECF No. 126.)  For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report **GRANTING** 1) the Plaintiff's Motion for Summary Judgment (ECF No. 62), 2) the Joint Motion for Entry of Consent Judgment (ECF No. 81), and 3) the reduction of the remaining unpaid federal tax liabilities and Trust Fund Recovery Penalties to judgment.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report.  (*See* ECF No. 118 at 1–7.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.  The court references herein factual and procedural facts pertinent to the analysis of Plaintiff's claims.

The United States Internal Revenue Service ("IRS") assessed tax liabilities against both Defendants for the 2002, 2006, 2009, 2010, and 2011 tax years.  (ECF No. 99-1.)  Additionally, the IRS separately assessed tax liabilities against Mr. Crews for failure to pay federal income taxes in the amount of $8,179.22, plus interest and other statutory accruals as of July 24, 2015.  (*Id.*)

Finally, the IRS also separately assessed Trust Fund Recovery Penalties[1] against Ms. Crews for the tax period ending March 31, 2004 ($19,453.03) and December 31, 2004 ($21,559.49).  (*Id.*)

On November 22, 2013, the United States of America ("Plaintiff") filed this action to (1) reduce to judgment several federal income tax liabilities owed by Defendants, and (2) reduce to judgment the Trust Fund Recovery Penalty assessed against Mr. Crews.  (ECF No. 1.)  As a result of a June 19, 2015 payment from the sale of Defendants' residential property to the United States Government, the joint federal income tax liabilities amount to $15,960.09 from 2011, plus statutory interest according to law from July 24, 2015.  (ECF No. 99-1.)

Plaintiff filed a motion for summary judgment on September 8, 2014 (ECF No. 62) against both Defendants.  Plaintiff later filed a Joint Motion for Entry of Judgment as to the claims against Defendant Elizabeth W. Crews only (ECF No. 81) after she separately retained counsel and reached a settlement with Plaintiff.  Although Mr. Crews was advised in a *Roseboro* order that failure to respond to Plaintiff's motion for summary judgment could result in the motion being granted, he did not file a response.  (*See* ECF No. 118 at 1.)

---

[1] As general background, employers must deduct and withhold income and social security taxes from employee wages.  26 U.S.C. §§ 3102(a), 3402(a); *Erwin v. United States*, 591 F.3d 313, 319 (4th Cir. 2010).  The employer holds these taxes as "special fund[s] in trust for the United States," 26 U.S.C. § 7501(a), and they are commonly referred to as "trust fund taxes." *Slodov v. United States*, 436 U.S. 238, 243 (1978) (internal quotation marks omitted).  These "trust fund taxes" cannot be used to pay employers' expenses or for any other purpose.  *See* 26 U.S.C. §§ 3102(b), 3403 & 7501(a); *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999).

To discourage taxpayers from inappropriately spending trust fund taxes, federal law imposes personal liability on the employer's officers or agents responsible for decisions regarding withholding and payment of the taxes.  26 U.S.C. § 6672; *Slodov*, 436 U.S. at 247.  However, "although labeled as a 'penalty,' § 6672 does not actually punish; rather, it 'brings to the government only the same amount to which it was entitled by way of the tax.'" *Erwin*, 591 F.3d at 319 (citing *Turnbull v. United States*, 929 F.2d 173, 178 n.6 (5th Cir. 1991)).

Thereafter, the Magistrate Judge held a telephone conference to address the sale of Defendants' property subject to the United States Government's foreclosure cause of action. (ECF No. 96.) The Magistrate Judge allowed Plaintiff to supplement its motion for summary judgment to reflect the sale of the property and its impact on Defendants' tax liabilities owed. (*See* ECF Nos. 96, 99.) Mr. Crews filed a response to this supplement (ECF No. 102), and Plaintiff filed a reply to the response (ECF No. 105).

This matter now comes before this court on the Report filed by Magistrate Judge Thomas E. Rogers on August 20, 2015. (ECF No. 118.) Mr. Crews timely filed objections on September 8, 2015. (ECF No. 126.)

## II. LEGAL STANDARD

*A. Magistrate Judge's Report*

The Magistrate Judge makes only a recommendation to this court, and it has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Motion for Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

### III. MAGISTRATE JUDGE'S REPORT

In granting Plaintiff's Motion for Summary Judgment, the Magistrate Judge explained that a determination by the IRS has the 'support of a presumption of correctness,' (ECF No. 118 at 7 (quoting *Welch v. Helvering*, 290 U.S. 111, 115 (1993)), which applies when the United States Government brings suit to reduce a tax liability to judgment, as it has in this case. (*Id.* (citing

*United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007).)  When the U.S. Government establishes a *prima facie* case of a defendant's tax liability, that defendant has the burden of demonstrating that the assessment was incorrect or arbitrary.  *See United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980).

The Magistrate Judge concluded that the exhibits Plaintiff provided were "presumptive proof" of Defendants' joint tax liability and Mr. Crews's individual tax liability.  (*Id.* at 8.)  As for the joint tax liability, the Magistrate Judge determined that because Mr. Crews failed to timely respond to Plaintiff's motion for summary judgment, he failed to meet this burden.  (ECF No. 118 at 8.)  Furthermore, Defendant's subsequent response to Plaintiff's supplemental reply after the sale of the property was "insufficient to create a genuine dispute of material fact."  (*Id.* at 8.)  The Magistrate Judge similarly concluded that Mr. Crews failed to present any evidence to support a finding that the assessment of his individual tax liability was incorrect.  *See Higginbotham v. United States*, 556 F.2d 1173, 1176 (4th Cir. 1977) (requiring such evidence from a taxpayer).

Regarding the Trust Fund Recovery Penalties assessed against Mr. Crews, the Magistrate Judge rejected Mr. Crews's argument that he did not willfully fail to pay the trust fund taxes because he submitted a check (in the amount of $48,632.09) "to pay withholding taxes he disputed and which [the IRS Revenue Officer] labels Trust Fund."  (ECF No. 102 at 5.)  With no specific instructions from Mr. Crews as to how to apply the payment to his multiple tax liabilities, the IRS had credited Mr. Crews's check payment to his other outstanding tax liability and not the trust fund taxes, (ECF No. 99-1); the Magistrate Judge noted the IRS's authority to do so.  (ECF No. 118 at 13 (citing Rev. Proc. 2002-26, 2002-15 I.R.B. 746, 2002-1C.B. 746, WL 545245 (IRS RPR).)  The Magistrate Judge also pointed out that even after Mr. Crews became aware of how the payment had been applied, he continued paying creditors other than the United States

Government. (*Id.* (citing ECF No. 62-2).) Noting this and the fact that the Trust Fund Tax Penalty actually is the tax amount due and not a "penalty," *per se*, the Magistrate Judge concluded that Mr. Crews remains liable. (ECF No. 118 at 13 (citing relevant statutory and case authority).)

## IV. ANALYSIS

This court notes Mr. Crews's general objection that the Magistrate Judge's Report has "critical, significant and blatant errors of fact that are relevant to this Motion [for Summary Judgment] being granted." (*See* ECF No. 126 at 1.) Mr. Crews summarizes his objection as this:

> The Magistrate Judge made findings of fact based upon speculations of actions and events made by the IRS and without regard to the undisputed facts the IRS was manipulating, disregarding and not applying payments in addition to the IRS then acting in bad faith and in violation of its own collection policies.

(ECF No. 126 at 5.) This court determines that Mrs. Crews's objections fail.

Mr. Crews first seems to argue, unsuccessfully, that there is a material question of fact as to whether a check for $48,632.09 was not applied to his liabilities. (*Id.* at 2–3.) The record reflects that the IRS received this check and applied it to Mr. Crews's outstanding tax liabilities. (*See* ECF Nos. 105 at 6, 105-1 at 2.) Mr. Crews simply has offered no evidence indicating anything to the contrary beyond allegations about what the "attorney for the IRS . . . stated in the telephonic hearings." (*See* ECF No. 126 at 3.)

Mr. Crews seems to argue further that the amount of his liabilities should have been impacted by the sale of the property which was subject to foreclosure. (*See* ECF No. 126 at 4 (stating the Magistrate Judge fails to "tak[e] notice that with the sale of the real estate involved that there is a material and substantial change in the amounts due").) However, the record again reflects that Mr. Crews's liabilities were, in fact, reduced accordingly and correctly accounted for the property sale. (*See* ECF No. 99-1 at 3.)

Applying the relevant motion for summary judgment guidelines, Mr. Crews altogether fails to "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). Moreover, Mr. Crews's objections quite clearly do not amount to "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

Finally, this court rejects Mr. Crews's argument that Plaintiff's settlement with Elizabeth W. Crews "without notice" violated the IRS's collection policies and is an effort by the IRS to "financially and professionally destroy" him. (ECF No. 126 at 2.) This, in addition to Defendant's speculations regarding the criminality of South Carolina Supreme Court employees, (ECF No. 126 at 3.), is irrelevant to the issues before this court as Mr. Crews not only fails to offer evidence that this is true, but also fails to offer any authority showing that even if these allegations were true, they would relieve him of his tax liabilities.

## V. CONCLUSION

For these reasons, it is hereby **ORDERED** that the Report (ECF No. 118) is **ADOPTED**. Plaintiff's Motion for Summary Judgment (ECF No. 62) and Joint Motion for Entry of Judgment (ECF No. 82), as updated by the Supplement (ECF No. 99), are **GRANTED**. The Court **ORDERS** that Mr. Crews's unpaid federal tax liabilities and Trust Fund Recovery Penalties are reduced to judgment as described in the Report. (ECF No. 118 at 13–14.)

**IT IS SO ORDERED**.

*J. Michelle Childs*

                                        United States District Judge

September 29, 2015
Columbia, South Carolina